IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRYAN KEEFE GOGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:13-CV-119-TMH |
| ) | [WO] |
| LEE COUNTY DETENTION ) | |
| CENTER, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, filed this 42 U.S.C. § 1983 action on February 25, 2013. He complains that he remains incarcerated at the detention center beyond his release date and requests his release as well as damages resulting from Defendants' violation of his constitutional rights. Plaintiff names as defendants the Lee County Detention Center, Sheriff Jay Jones, Captain Cory Welch, Lieutenant Timothy Jones, and Sergeant Rodney Tabb.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Lee County Detention Center prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

*A. The Lee County Detention Center*

The Lee County Detention Center is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In

light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed.  *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Lee County Detention Center be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Lee County Detention Center be DISMISSED as a party to this complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **March 20, 2013**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of March, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE